## NATIONAL HEARING AID SOCIETY and Anthony Dirocco, Appellants,

v.

## COMMONWEALTH of Kentucky ex rel. Ed W. HANCOCK, Attorney General, Appellees.

Court of Appeals of Kentucky.

March 4, 1977.

Rehearing Denied June 3, 1977.

---

**248**

Larry M. Greathouse, Frankfort, for appellant.

Robert V. Bullock, Asst. Deputy Atty. Gen., Div. of Consumer Protection, Frankfort, for appellee.

Before HOWARD, REYNOLDS, and VANCE, JJ.

HOWARD, Judge.

This case was originally brought by the appellee, Commonwealth of Kentucky, in Jefferson Circuit Court, alleging that the appellants, National Hearing Aid Society and Anthony Dirocco, had violated *Ky.Rev. Stat.* Ch. 367 (hereinafter cited as *KRS*) of the Consumer Protection Act, by the use of false, misleading and deceptive practices. The trial court judge granted a summary judgment in favor of the appellee stating that the appellants had as a matter of law violated the Consumer Protection Act because it certified people as "certified hearing aid audiologists" who had not conformed with the requirements of *KRS* 334A.030 to be an audiologist. The trial court enjoined the appellants from directly or indirectly attempting to confer upon a person within the Commonwealth any certificate, title, or other material which purports to grant the right or privilege of using the title "certified hearing aid audiologist."

The National Hearing Aid Society, hereinafter NHAS, is a private trade organization incorporated in Illinois. It is not licensed to do business in the Commonwealth of Kentucky. NHAS certifies hearing aid dealers to use the mark "certified hearing aid audiologist" which it has registered with the U.S. Patent Office. In order to

join, a person must pay a yearly membership fee plus meet the following requirements:

(1) Two NHAS members and a physician in the community must endorse the applicant.

(2) The applicant must send extensive information and material demonstrating that he conforms to the ethical standards of NHAS.

(3) The applicant must take a written examination prepared by and graded by NHAS. Under certain circumstances, this examination may be taken in Kentucky.

■ Appellants argue that it was improper for the trial court to grant summary judgment because it lacked both personal and subject matter jurisdiction over them. We find that the appellants were doing sufficient business within the Commonwealth of Kentucky to grant the trial court personal jurisdiction over them under *KRS* 454.210, the Kentucky Long Arm Statute. The fact that "certified hearing aid audiologist" is a registered trademark under the Lanham Trademark Act, 15 U.S.C. §§ 1051–1127 (1946), does not preclude the Jefferson Circuit Court from having subject matter jurisdiction over NHAS.

■ There is no dispute under *KRS* Ch. 367 that the trial court could enjoin individual hearing aid dealers from using the term "certified hearing aid audiologist." The question is: Do the prohibitions set forth by *KRS* Ch. 367 encompass the acts done by NHAS? We find that they do. NHAS was engaged in a scheme of certifying people as a "certified hearing aid audiologist." From this scheme, they benefited financially by offering a home study course, administering the certifying examination and requiring yearly dues. They knew, or should have known, that consumers would be deceived by the use of the term "certified hearing aid audiologist" which did not meet the standards and requirements set forth by *KRS* 334A.030.

We find that the trial court acted properly when it granted the appellee's summary judgment.

The judgment is affirmed.

HOWARD and REYNOLDS, JJ., concurring.

VANCE, J., concurring in result only.